UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7074 CAS (PLAx) | Date | March 14, 2012 |
|---|---|---|---|
| Title | PRIMERICA LIFE INSURANCE COMPANY v. ENGRACIA RODRIGUEZ and LORENA ELIAS; LORENA ELIAS v. ENGRACIA RODRIGUEZ; ENGRACIA RODRIGUEZ v. LORENA ELIAS | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| NOT PRESENT | NOT PRESENT | |

**Proceedings:** (In Chambers:) MOTION TO ALLOW LEAVE TO AMEND CROSS-COMPLAINT (filed: 02/09/2012 )

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of March 19, 2012 is vacated, and the matter is hereby taken under submission.

**I.   INTRODUCTION**

On December 19, 2009, Juvenal Rodriguez (the "deceased") submitted an application for life insurance to Primerica Life Insurance Company ("Primerica"), designating his mother, defendant Engracia Rodriguez ("Rodriguez") and his then-fiancé, defendant Lorena Elias ("Elias"), as the beneficiaries. Under this policy, Rodriguez was to receive 60% of the death benefit, while Elias would receive 40%. When the deceased passed away on August 8, 2010, the benefit amounted to $1,050,000. Both defendants filed statements with Primerica seeking payment under the policy. Rodriguez was paid her designated 60%, but Elias' designated 40% is now at issue.

On August 26, 2011, Primerica filed an interpleader complaint in this court against Rodriguez and Elias. Dkt. No. 1. Primerica admits liability under the policy at issue, and seeks to require defendants to litigate their claims as to the amount at issue ($420,000, plus applicable interest).

On December 19, 2011, the Court set a January 3, 2012 deadline to amend pleadings or add parties. Dkt. No. 24. On February 9, 2012, defendant Rodriguez filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7074 CAS (PLAx) | Date | March 14, 2012 |
|---|---|---|---|
| Title | PRIMERICA LIFE INSURANCE COMPANY v. ENGRACIA RODRIGUEZ and LORENA ELIAS; LORENA ELIAS v. ENGRACIA RODRIGUEZ; ENGRACIA RODRIGUEZ v. LORENA ELIAS | | |

the instant motion to amend the scheduling order to allow her to amend her cross-complaint to add Primerica as a cross-defendant. Dkt. No. 26. Specifically, Rodriguez seeks to amend her cross-complaint to add a negligence claim against Primerica for its alleged failure to make changes to the deceased's policy, which would have resulted in Rodriguez being made the sole beneficiary. Id. Elias filed her opposition on February 27, 2012. Dkt. No. 30.[1] Defendant Rodriguez filed her reply on March 2, 2012. Dkt. No. 32.

After considering the parties' arguments, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

As a preliminary matter, the Court must decide whether Rule 15(a) or Rule 16(b) applies. Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive standard of Rule 15(a). Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997). However, once the district court enters a scheduling order establishing a deadline for amending pleadings, Rule 16(b) applies. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). This is because once the scheduling order is in place, the court must modify the scheduling order to permit an amendment. W. Schwarzer, A. Tashima & M. Wagstaffe, Federal Civil Procedure Before Trial (2006) § 8:405.1 (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d at 609).

Here, the Court has already set a deadline of January 3, 2012 for amending pleadings. Dkt. No. 24. Therefore, defendant Rodriguez must demonstrate "good cause" for amendment under Rule 16. Once she demonstrates "good cause," Rodriguez must then demonstrate that amendment is proper under Rule 15(a).

### A.    Federal Rule of Civil Procedure 16

Rule 16(b)(4) provides that a scheduling order shall be modified "only for good cause." "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of

---

[1] Primerica filed a notice of non-opposition on February 27, 2012. Dkt. No. 31.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7074 CAS (PLAx) | Date | March 14, 2012 |
|---|---|---|---|
| Title | PRIMERICA LIFE INSURANCE COMPANY v. ENGRACIA RODRIGUEZ and LORENA ELIAS; LORENA ELIAS v. ENGRACIA RODRIGUEZ; ENGRACIA RODRIGUEZ v. LORENA ELIAS | | |

the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Accordingly, while the court may consider the "existence or degree of prejudice" to the opposing party, the focus of the court's inquiry is upon the moving party's explanation for failure to timely move for leave to amend. Id. "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).

### B.     Federal Rule of Civil Procedure 15

Rule 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir.2003)). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). However, "[u]ndue delay is a valid reason for denying leave to amend.'" Id. (quoting Contact Lumber Co. v. P.T. Moges Shipping Co., 918 F.2d 1446, 1454 (9th Cir. 1990)); but see Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend."). Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.3d at 1324. And "[l]ate amendments to assert new theories are not reviewed favorably when the facts and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7074 CAS (PLAx) | Date | March 14, 2012 |
|---|---|---|---|
| Title | PRIMERICA LIFE INSURANCE COMPANY v. ENGRACIA RODRIGUEZ and LORENA ELIAS; LORENA ELIAS v. ENGRACIA RODRIGUEZ; ENGRACIA RODRIGUEZ v. LORENA ELIAS | | |

theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan, 49 F.3d at 1370 (internal quotation marks and citation omitted). Delay can contribute to a finding of prejudice, for "expense, delay, and wear and tear on individuals and companies count toward prejudice." Id. (internal quotation marks and citation omitted).

### III.    DISCUSSION

Rodriguez seeks to amend the scheduling order to permit an amendment to her cross-complaint in order to add a negligence claim against Primerica. Dkt. No. 26. She asserts that prior to the deadline she was unsure if the negligence claim was frivolous because no discovery had been conducted. Id. at 3. According to Rodriguez, a stipulation submitted by Primerica to dismiss it from the action raised a "red flag," requiring her to further consider Primerica's role in this dispute. Id. at 5. She argues that were the Court to deny her motion, it would "result in the loss of a substantial party who may be at the center of the controversy." Id. at 6. Rodriguez further argues that the addition of the negligence claim will not burden Elias or risk violation of other deadlines set by the pre-trial order. Id. at 5.

As noted above, Primerica does not oppose the requested amendment. Only Elias argues that Rodriguez's motion should be denied. Elias argues that Rodriguez knew of all of the facts that support her negligence claim against Primerica at the time she filed her original complaint. Dkt. No. 30 at 3. Elias contends that this is evidenced by the Joint Scheduling Report in which Rodriguez agreed that she would add Primerica as a co-defendant by January 2, if at all, and by an email from Rodriguez's counsel on January 4, 2012, stating that she was ready to dismiss Primerica, but first wanted to depose some employees. Id. at 3. Elias also alleges that Rodriguez's negligence claim is insufficiently pled and would ultimately be dismissed. Id. at 4–5. Finally, Elias argues that she will be prejudiced by the amendment because Primerica will seek to deduct its attorneys' fees from the deposited amount at issue here, thus, deducting from her potential award. Id. at 5–6.

Rodriguez responds that because the negligence claim is between Rodriguez and Primerica, Elias has no standing to argue its merits. Dkt. No. 32 at 2. Furthermore, she

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7074 CAS (PLAx) | Date | March 14, 2012 |
|---|---|---|---|
| Title | PRIMERICA LIFE INSURANCE COMPANY v. ENGRACIA RODRIGUEZ and LORENA ELIAS; LORENA ELIAS v. ENGRACIA RODRIGUEZ; ENGRACIA RODRIGUEZ v. LORENA ELIAS | | |

asserts that because the negligence claim for damages is separate from the interpleader issue, Elias' concern that Primerica's litigation costs and attorneys' fees would be deducted from the deposited funds is unfounded. Id. at 3.

The Court finds that the amendment to the scheduling order to permit an amendment to the cross-complaint should be permitted. A scheduling order may be modified only for good cause and with the judge's consent. Fed. Rule Civ. Pro. 16(b)(4). In deciding whether to permit modification to the order, the Court should consider: (1) the degree of prejudice to the moving party resulting from failure to modify; (2) the degree of prejudice to the nonmoving party from a modification; (3) the impact of a modification at that stage of the litigation on the orderly and efficient conduct of the case; and (4) the degree of willfulness, bad faith, or inexcusable neglect on the part of the moving party. United States v. First Nat. Bank of Circle, 652 F.2d 882, 887 (9th Cir. 1981). When refusal to allow modification might result in injustice while allowing the modification would cause no substantial injury to the opponent and no more than slight inconvenience to the court, modification should be allowed. First Nat. Bank of Circle, 652 F.2d at 887.

Even if the facts supporting Rodriguez's negligence claim were known to Rodriguez before January 3, 2012, the lack of prejudice to Elias justifies the Court's decision to allow Rodriguez to add her negligence claim against Primerica. Because Primerica is the party primarily affected by the amendment and it does not oppose the amendment, the potential for prejudice to the parties is insignificant. In this respect, Elias' concern regarding litigation costs and attorneys' fees is unfounded because Rodriguez's negligence claim is treated separately from the insurance interpleader issue between Elias and Rodriguez. The amount of fees to be awarded in an interpleader action is left to the discretion of the district court. Trs. of the Dirs. Guild of America–Producer Pension Benefits Plan v. Tise, 234 F.3d 415, 426 (9th Cir. 2000). However,

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7074 CAS (PLAx) | Date | March 14, 2012 |
|---|---|---|---|
| Title | PRIMERICA LIFE INSURANCE COMPANY v. ENGRACIA RODRIGUEZ and LORENA ELIAS; LORENA ELIAS v. ENGRACIA RODRIGUEZ; ENGRACIA RODRIGUEZ v. LORENA ELIAS | | |

> Because the interpleader plaintiff is supposed to be disinterested in the ultimate disposition of the fund, attorneys' fee awards are properly limited to those fees that are incurred in filing the action and pursuing the [] release from liability, *not* in litigating the merits of the adverse claimants' positions.

Id. (emphasis in original).

Thus, the costs incurred by Primerica in litigating the negligence claim would not be deducted from the funds at issue between Rodriguez and Elias. On the other hand, if Primerica's agents failed to make a requested change to the life insurance policy that would have removed Elias and made Rodriguez the sole beneficiary, Rodriguez would be substantially prejudiced if she were precluded from pursuing a claim against Primerica. Finally, Rodriguez's request comes to the Court at the beginning of discovery. Thus, the Court finds it is appropriate to amend the scheduling order to permit Rodriguez to amend her cross-complaint. Fed. R. Civ. P. 16; Fed. R. Civ. P. 15(a).

## IV. CONCLUSION

In accordance with the foregoing, the Court GRANTS defendant Rodriguez's motion to amend the scheduling order. All other dates shall remain unchanged.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |